## Forsythe v. Foor.

(Decided March 16, 1915.)

### Appeal from Daviess Circuit Court.

Sales—Warranties—Actions and Counter-claims for Breach of Warranty—Evidence—Weight and Sufficiency.—In an action to collect a note given for the purchase price of a horse, the buyer set up a counter-claim for breach of warranty, claiming that the seller represented the horse to be Little Frank when his true name was Hankie; and that the seller represented his racing record to be 2:21¼ when in fact it was 2:14½. The evidence considered, and held, that defendant failed to show the representations claimed to have been made.

LOUIS I. IGLEHART for appellant.

FLOYD J. LASWELL and T. W. JETT for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

On August 30, 1912, appellant, R. L. Forsythe, sold to appellee, J. M. Foor, a black pacing horse at the price of three hundred dollars, for which Foor executed his note to Forsythe, due one year after date; and to secure the payment thereof Foor executed to Forsythe a mort-

gage on the pacing horse and also on a mare owned by him.

Appellee having declined to pay the note at its maturity, Forsythe instituted this action in the Daviess Circuit Court against Foor to recover thereon.

The defense was that plaintiff had represented to defendant when he sold him the horse that the horse was "Little Frank," with a mark or record of 2:21¼, when, in fact, the true name of the horse was "Hankie," with a mark or record of 2:14½.

Ordinarily, it would not seem that one should complain because another has sold to him a faster horse than he thought he was getting; but, as explained by the defendant, this horse was from twelve to seventeen years of age, and if his true record was 2:14½, he could not be entered in races in competition with horses other than those having records of 2:15 or faster; and, because of his age, his chances of winning races in such class were lessened and growing less as he grew older, while, if he could have been raced with horses having slower records, he had, of course, greater chances of winning. Hence, the defendant's complaint.

The chancellor dismissed the plaintiff's petition, and rendered judgment cancelling the note and mortgage, ordered the defendant to return the horse to the plaintiff, and required each party to pay his own costs. The plaintiff appeals.

It was attempted to be shown by the defendant that the horse in question was in fact "Hankie," and that he had been raced in Michigan under a mark or record of 2:14½, though the evidence offered on this issue is not at all satisfactory.

But conceding it to be true that his name was Hankie and his mark or record 2:14½, still the defendant did not sustain his defense. There is, of course, no question of fraud or misrepresentation upon the part of the plaintiff in selling the horse to the defendant, for plaintiff did not know that the horse was not what he was supposed to be. But defendant charges that the plaintiff warranted the horse to be Little Frank and his mark or record to be 2:21¼.

The only evidence offered by the defendant on this issue was his own testimony, which was as follows:

"Q. State what mark or record the plaintiff, R. L. Forsythe, represented to you the horse you bought had?

A. 2:21¼. Q. State what he represented that horse's name to be? A. Little Frank.''

The plaintiff testified positively that he made no such statements or representations; that he was asked for none, because the defendant knew more about the horse than he himself did; that he was not a horseman, but a coal dealer, and knew nothing about race horses.

He contends that the language in question, if used, which he denies, was insufficient to constitute a warranty under the circumstances here shown.

But, conceding that it does fulfill the requisites of a warranty (which we do not decide), still we are of the opinion that appellee failed to sustain by the weight of the evidence his claim that appellant represented the horse's name to be ''Little Frank'' and his mark or record to be 2:21¼.

How this horse got to Kentucky is not shown by the record; but it does appear that one E. C. Kuykendall, of Morgantown, became his owner several years ago, and raced him at Morgantown, Leitchfield, Madisonville, Owensboro, Hartford and possibly other places under the name of ''Little Frank,'' with a mark or record of 2:21¼, or in this class.

Foor had known the horse for some years before he bought him from Forsythe; had seen him raced while he was owned by Kuykendall, both at Hartford and Morgantown. He admits that he is an experienced horseman, having handled a large number of race horses during the past seven or eight years; and confesses that he ''knew lots about race horses.'' Defendant raced the horse in four races, winning two of them, before he completed the purchase from plaintiff.

Viewing the situation in the light of these facts and circumstances, we can see no reason for his asking Forsythe any questions about the horse, or for demanding any warranty.

Foor also claims that in October, 1913, after the note sued on matured, but before the suit was brought, Forsythe attended the fair at Owensboro, where Foor had the horse, and ''told'' that the true name of the horse was ''Hankie'' and that his true mark or record was 2:14¼ or 2:07½; that the horse was then barred from racing in the 2:21¼ class, and on this account the horse was absolutely worthless to defendant; that he was told he could not start the horse, and that if he did so he

would be prosecuted. If Forsythe gave out this information, and defendant swears that he did, such conduct would seem inconsistent with the claim made by Foor that Forsythe made the warranty which Foor claims he made with reference to the horse at the time of the sale, for it is to be presumed that he would know that such a declaration would defeat his action on the note as well as render his security valueless; and if he is the kind of a man who would make a warranty and then deny it under oath, he would have kept silent in relation to the true identity of the horse until he had collected his money.

We think it not unreasonable to conclude that Foor, without the necessity of any inquiry, knew at the time he purchased the horse just what he was getting, and that when the fact was made public concerning the identity and record of the horse, and he was barred from racing in the class in which he had theretofore been entered, Foor then determined to set up the defense here interposed.

In view of all the circumstances, we think he not only failed to sustain the burden of proof upon the issue mentioned, but that the weight of the evidence decidedly shows that the statements were not made as claimed by him. The case is, therefore, reversed, with directions to enter a final judgment dismissing appellee's set-off and counter-claim, and adjudging appellant a recovery on the note sued upon, and ordering a sale of the mortgaged property in satisfaction thereof.